(109 App. Div. 4.)

## REILLY v. FREEMAN et al.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

**1. PARTNERSHIP—ACTION FOR ACCOUNTING—FINAL JUDGMENT.**

On the first appeal of an action for an accounting and a division of partnership assets, consisting of shares of corporate stock, the Supreme Court held that plaintiff was entitled· to a certain number of shares if defendants were in position to transfer them. An interlocutory judgment was entered in accordance with this decision, and also directing a reference to ascertain the value of the shares, and enjoining defendants from transferring that number to any other person. *Held,* that the interlocutory judgment entitled plaintiff to the shares if defendants were able to transfer them, and it was error for the final judgment to give defendants the option of transferring the stock, or paying plaintiff the ascertained value thereof.

**2. SAME.**

Defendants were not required to transfer any specific shares, and it was proper for the final judgment not to direct the transfer of certain shares deposited in court by the defendants.

Appeal from Judgment on Report of Referee.

Proceedings by Anna L. Reilly as ancillary administratrix of John Reilly, deceased, against Charles Q. Freeman and Edith M. Varker, executrix of W. R. Varker, deceased. From the judgment both parties appeal. Modified and affirmed.

Cross-appeals by plaintiff and defendants from final judgment in favor of plaintiff entered on report of a referee, directing a dissolution of the partnership theretofore existing between the original parties to the action, the distribution of the partnership assets, and determining the value of such assets. The defendants separately appeal from the whole of the judgment, and the plaintiff appeals from so much thereof as limits her recovery to 884.60 shares of the capital stock of the Retsof Mining Company, together with dividends and interest, and also from so much thereof as purports to give to the defendants the option of either transferring to the plaintiff 884.60 shares of said stock, or paying to her its value, as fixed by the referee, at $30 per share.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James Demarest, for appellant.
Treadwell Cleveland, for respondents.

O'BRIEN, P. J. This action has been pending for 13 years, and upon former appeals (37 N. Y. Supp. 570, 82 N. Y. Supp. 929) the court has stated the law applicable to most of the questions now raised by the different appellants. It was settled by the decision upon the first appeal (Reilly v. Freeman, 1 App. Div. 560, 37 N. Y. Supp. 570) that the original parties to the action were partners in the venture which forms the subject of the litigation; that the partnership should be dissolved, and that Garrett Reilly, the original plaintiff, to whose rights the present plaintiff has succeeded, was entitled to receive 884.60 shares of stock of the Retsof Mining Company, together with the dividends thereon and interest, as his share of the partnership assets upon such dissolution. This decision, therefore, disposes of the plaintiff's present contention that she is entitled to more than the 884.60 shares

which have been awarded her, and it also disposes of the defendants' contentions that the plaintiff has no interest whatsoever in the stock, and that no partnership existed, or, if existing at any time, that it had been abandoned prior to the commencement of the action. The plaintiff, however, in addition to the questions previously passed upon, now raises a new one, to wit, that the final judgment appealed from is wrong, in that it gives to the defendants the option of either transferring to her the stock itself, or paying its value as fixed by the referee. She claims that she is entitled to a judgment under which she can obtain the stock itself, and in determining just what her rights are in this respect it is necessary to review somewhat at length the history of the litigation.

At the first trial, the court at Special Term held that a partnership had previously existed between the original parties to the action; that it was dissolved, and that the original plaintiff, as his share of the partnership assets, was entitled to recover from each of the two defendants separately 650 shares of the Retsof Mining Company's stock, together with dividends and interest. The judgment provided that each defendant should deliver to the then plaintiff the above amount of stock specifically, and fixed the value thereof at $100 per share or par. Upon appeal to this court, the judgment was modified by reducing the plaintiff's recovery to a total of 884.60 shares of the mining stock, together with dividends and interest, by holding the liability of the defendants to be joint and several, and by directing that the matter be sent to a referee to determine the amount of dividends and interest due and to fix the value of the stock; upon the latter subject the court being of the opinion that the Special Term had before it no evidence to justify its finding that the stock was worth par. There can be no doubt, however, that this court then decided that the original plaintiff was entitled to a recovery of the stock itself, if the defendants were in a position to transfer it to him. Mr. Justice PATTERSON, in the course of his able opinion upon this subject, said:

"He is entitled to the stock specifically, not upon the theory of specific performance of an executory contract, as the defendants' counsel intimates is the ground upon which the Special Term gave the particular relief, but because upon the proofs it appears that in an action for an accounting it is found that the plaintiff's interest exists in the form of shares of stock in a corporation, which shares he elects to take in specie if they can be reached, and in accordance with the original agreement that a corporation should be formed, and the plaintiff's interest consequently be held or represented in the form of shares."

In accordance with the decision of this court, an interlocutory judgment was entered, the provisions of which are important, as the final judgment which is now appealed from should be in conformity with those provisions, so far, at least, as the plaintiff's right to enforce a delivery of the stock itself is concerned. That interlocutory judgment provided that the partnership should be dissolved, and that the plaintiff was "entitled to recover from the defendants jointly and severally 884.60 shares of the common stock of the said Retsof Mining Company," together with the dividends thereon and interest; and it restrained the defendants from transferring that amount of stock to any person other than the plaintiff until the further order of the court. It

also directed a reference to ascertain the value of the stock upon December 16, 1885, to take proof of the amount of dividends to which plaintiff was entitled, and to compute the interest due thereon; and it recited that, upon the coming in of the referee's report, "either party may move at a Special Term for a final judgment directing that the defendants transfer to the plaintiff the said 884.60 shares of the said stock, and that, in addition thereto, the said defendants be adjudged jointly and severally to pay to the plaintiff the amount of the dividends paid to them on the 884.60 shares of stock from the time they received the same, together with interest on the amount of each dividend from the date of its payment; * * * and, in the event of their failure to so transfer said stock and pay the amount of such dividends and interest, they be adjudged jointly and severally to pay to the plaintiff the value of said shares and the interest upon such value as fixed by the referee." The interlocutory judgment, therefore, as appears from the above quotations therefrom, is an adjudication that the plaintiff is entitled to the stock itself, and that only in the event of the inability of the defendants to transfer it to her can they take advantage of the alternative provision directing them to pay its value as the same might be fixed by the referee.

Although having no immediate bearing upon this question, still, for the purpose of following the course of the litigation, it may not be inappropriate to state that the referee after due hearing fixed the value of the stock at $75 per share; but upon appeal the judgment entered upon his report was reversed, this court holding that there was no competent evidence before him to sustain the finding as to value, and the matter was sent back to him, to proceed anew under the former order and interlocutory judgment. Again the referee reported, this time fixing the value of the stock at $30 per share, and it is from the final judgment entered on this report that the present appeals are taken. That judgment provides that the defendants shall transfer to the plaintiff 884.60 shares of the stock, and pay the dividends and interest thereon as computed by the referee. To this extent it is right, but it provides further that, "in the event that the defendants do not transfer to the plaintiff the said 884.60 shares of stock," then the plaintiff shall recover the value thereof at the rate of $30 per share. By this provision the defendants are given the option of either transferring the stock itself or paying its value. The election rests with them, and the plaintiff is compelled to accept whichever they choose to give her. This is not only unfair and unjust to her, but it is at variance with our former decision, and also with the requirements of the interlocutory judgment. The court has held in no uncertain words that the plaintiff is entitled to the stock itself, the interlocutory judgment so decreed, and the final judgment must give effect to this decision.

As already indicated, the defendants could only avail themselves of the alternative of paying the value of the stock in case they had lawfully disposed of it, so that it was not within their power to comply with the court's direction as to transferring the stock itself. Upon the former appeals it did not appear that the stock was still owned or controlled by the defendants; consequently, it was necessary to fix its value, not for the benefit of the defendants, to give them an election

of either transferring it or paying its value, but for the protection of the plaintiff, so that she might recover its value in case she could not get it in specie. Upon the present appeal, however, as well as upon the hearing of the motion for final judgment, it was shown without dispute that 884.60 shares of stock had been deposited by the defendants for a specific purpose with a trust company, subject to the order of the court in this action, and with like effect as if brought into court. The stock so deposited is now held by the trust company, and we are asked by the plaintiff to modify the final judgment which has been entered herein by in effect adjudicating that she is entitled to the identical 884.60 shares of stock which were deposited by the defendants. In our opinion we have no authority to change the final judgment so that it shall relate to the plaintiff's right to receive any particular certificates or shares of stock. That would be making a judgment which would attach to specific shares. We knew nothing about their ownership. All we know is that they were deposited for the purpose referred to under an order of the court. But, as already indicated, the final judgment must be amended in so far as it makes it optional with the defendants to transfer the shares, or to pay the value thereof as found by the referee. That is wrong. It should be amended so that the fourth paragraph thereof shall read: "It is further ordered, adjudged, and directed that in the event that the defendants are, without fault of their own, unable to transfer to the plaintiff the shares of stock, then the value thereof shall be recovered," as stated in such fourth paragraph.

Having reached this conclusion, it is not necessary to consider at length the point urged by the defendants that there was no competent evidence before the referee from which he could determine that it was worth $30 per share. It may be said, however, upon this subject, that the witness Walker testified that in March, 1886, within three months of the date as to which the referee was to fix the value of the stock, he purchased 100 shares thereof at $30 per share, and, in the absence of contradictory evidence, this, in our opinion, was sufficient to support the finding of the referee upon the subject of value.

The judgment must therefore be modified in accordance with the above opinion, and, as thus modified, affirmed, with costs to the plaintiff.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur.

INGRAHAM, J. I think the judgment should be affirmed.